# STATEMENT OF FACTS

I am an officer with the Metropolitan Police Department (MPD) of the District of Columbia. I make this affidavit in support of a criminal complaint because there is probable cause to believe that Jalil WILLIAMS committed a violation of 18 U.S.C. § 922(g)(1) in the District of Columbia.

This affidavit is presented for the sole purpose of establishing probable cause. It does not represent the totality of facts known to me and other investigators involved in this case. This affidavit is based on my investigation and involvement with the events described herein, speaking with other investigators with personal knowledge of the events described, reading reports, or reviewing body worn camera footage.

On Thursday, October 16th, 2025, at approximately 11:45pm, myself (Driver), Officer Novoa (Front Seat Passenger), Pfaff (Left Rear Passenger), and Johnson (Right Rear Passenger), were conducting a routine patrol, together with federal law officers as part of a crime reduction task force.  MPD officers were in full police uniform and operating in a marked MPD vehicle; unmarked federal police cars followed.

While driving northbound in the 300 block of 51st St SE, Washington D.C., your affiant and other officers noticed a black Acura in the 200 block of 51st St SE driving southbound, towards our vehicle.  I observed that the Acura was traveling at a higher speed than normal and had a bulb in the vehicle's front right headlight out. When the Acura approached the north side of the intersection at 51st St and C St SE, your affiant's patrol car was on the south side of the same intersection.  I observed that the vehicle did not have a front license plate properly affixed to the front bumper; instead, a plate was visible through the windshield on the passenger side of the dashboard.  I then saw the Acura make a right turn onto the 5000 block of C St SE without coming to a complete stop at the stop sign.  When the Acura made the right turn, I saw that the license plate on the back of the vehicle was a Virginia tag.  I know that the State of Virginia requires all vehicles to have front and back tags properly affixed to the vehicle's bumpers.  I then turned left in the patrol car onto C St SE to follow the Acura.

Almost immediately thereafter, the Acura made a right turn off of C St SE into the parking lot of 5048 C St SE.  I pulled the patrol vehicle into the parking lot. By this time, the driver of the car—later identified as Jalil WILLIAMS—had quickly begun reversing into a parking space.  I activated the patrol vehicle's emergency lights to effectuate a traffic stop.  Jalil WILLIAMS then put the vehicle in park, got out of the car (leaving the driver's side door open), and immediately ran on foot towards the apartment building at 5048 C Street SE.  As he was running, I observed him holding a small blue satchel.

Officers Novoa and Johnson got out of the patrol car first and began running towards WILLIAMS.   Before they reached him, WILLIAMS appeared to slide on the wet asphalt into a parked vehicle parallel to 5048 before getting up to run again.  WILLIAMS then ran towards the

fence at the end of the parking lot. As WILLIAMS fled, I saw him throw the blue satchel bag, which struck a plastic trash can sitting in the parking lot. I heard the bag strike the trash can, making a sound that led me to believe there was a heavy object concealed within. Officer Pfaff also observed WILLIAMS throw something. Officer Novoa and Johnson were able to bring WILLIAMS to the ground. WILLIAMS resisted while on the ground and it took multiple officers, including federal agents, to place him into handcuffs.

Officer Pfaff first went to the black Acura to look inside, then went past WILLIAMS to the fence, where he located the blue satchel bag near the trash can and picked it up. Officer Pfaff immediately felt a firearm contained within the bag by plain feel, gave a codeword for firearm, and then opened the bag to confirm it did, in fact, contain a firearm. Officer Pfaff also found within the bag an EBT card with WILLIAMS' name on it. The license plate on the vehicle (BD6071) also came back registered to WILLIAMS. WILLIAMS also self-identified by his name and date of birth on scene.

The firearm recovered was as follows:

- Glock 42
- Serial #ABMD310
- .380
- 1 round in the chamber
- 6 (.380) rounds in the magazine
- Laser light attachment

The firearm at the time of recovery appeared to be fully functional and was or was designed to expel a projectile by the action of an explosive. A database search revealed that WILLIAMS did not have a concealed carry license or registered firearms in the District of Columbia.

Through my training and experience, I have learned that there are no firearms and ammunition manufacturers in the District of Columbia. Accordingly, there is probable cause to believe that the Glock 42 firearm and 7 rounds of ammunition were manufactured outside the District of Columbia and transported in interstate or foreign commerce into the District of Columbia, where they were recovered.

Criminal history records revealed that, among other convictions, on November 16, 2018, WILLIAMS was sentenced to 24 months incarceration for his conviction of Attempted Possession with Intent to Distribute a Controlled Substance (Cocaine) in docket 2017 CF2 002747 in D.C. Superior Court. In addition, on or about April 19, 2023, WILLIAMS was convicted in Montgomery Circuit Court (Case Number C-15-CR-22-001222) of Sale, Transfer, or Disposal of a Stolen Regulated Firearm and Unauthorized Removal Of Motor Vehicle and sentenced to 5 and 4 years' incarceration, respectively (with all but 2 years suspended on both), followed by 3 years' probation. In other words, on October 16, 2025, when WILLIAMS possessed the firearm and

ammunition recovered in this case, WILLIAMS was aware that he had been previously convicted of a crime that was punishable by imprisonment for a term exceeding one year.

    Based on the facts contained in this affidavit, there is probable cause to believe that on or about October 16, 2025, in the District of Columbia, the defendant, Jalil WILLIAMS, knowing that he had been convicted of a crime punishable by imprisonment for a term exceeding one year did knowingly possessed a firearm and ammunition, said firearm and ammunition having been shipped and transported in interstate or foreign commerce, in violation of 18 U.S.C. §§ 922(g)(1).

_____
KEITH CYPHERS
OFFICER
METROPOLITAN POLICE DEPARTMENT

*Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone on October 17, 2025.*

_____
G. MICHAEL HARVEY
UNITED STATES MAGISTRATE JUDGE